UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-3 JENNIFER COOKE,

    Defendant.

Case No. 16-20582
Honorable Laurie J. Michelson

**ORDER ON MOTION FOR RELEASE OF HOME CONFINEMENT
UNDER THE FIRST STEP ACT [344]**

In this multi-defendant criminal case, Jennifer Cooke pled guilty to one count of conspiracy to launder monetary instruments. Her sentencing guidelines range was 87–108 months. But the terms of her Rule 11 plea agreement capped her sentence at 37-months. (ECF No. 165.) And for many of the family reasons set forth in Cooke's present motion, the Court granted a further downward variance to 24 months. (ECF No. 296.) Cooke now seeks to be released to home confinement under the First Step Act. (ECF No. 344.) She advises that she is taking steps to better herself in prison and that her children, all of whom suffer from physical or emotional health issues, are struggling in her absence. (ECF No. 344, PageID.3670–3671.) The Court commends Cooke on her prison conduct and appreciates the family struggles she is going through. Again, that was a significant basis of the sentencing decision. But the present motion for release is premature and not for this Court to decide in the first instance. Thus, it will be DENIED.

Attached to Cooke's motion is Section 602 of the First Step Act, which amended 18 U.S.C. § 3624(c)(2) as follows: "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6

months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c). "But it is BOP—not the courts—who decides whether home detention is appropriate." *United States v. Yates*, No. 15-40063-01-DDC, 2019 U.S. Dist. LEXIS 68229, at *11 (D. Kan. Apr. 23, 2019); *United States v. Burkhart*, 2019 U.S. Dist. LEXIS 23091, at *2–5 (E.D. Ky. Feb. 13, 2019). And "[t]he decision whether to place a prisoner in home confinement is solely within the discretion of the BOP and the Attorney General." *United States v. Humphrey*, 8:11-cr-553-T-33, 2019 U.S. Dist. LEXIS 125121, *2–4 (M.D. Fla. July 26, 2019). In sum, Cooke does not have a right to be placed on home confinement; instead, the BOP has the discretion to determine if that option is appropriate for her. *United States v. Lowe*, 15cr11-1, 2019 U.S. Dist. LEXIS 138618, at *4 (M.D.N.C. Aug. 16, 2019); *see also Burkhart*, 2019 U.S. Dist. LEXIS 23091, at *4 (noting the First Step Act "does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it"); *United States v. Buckley*, No. 2:13-CR-00125-TLN, 2019 U.S. Dist. LEXIS 115779, at *3–4 (E.D. Cal. July 11, 2019) (court did not have authority under 18 U.S.C. § 3624(c)(2) to order the defendant be placed into home confinement or a residential re-entry center for the last six months of his sentence, but instead could only compel the BOP to consider if such an assignment was appropriate).

Also, it is not yet time for the BOP to exercise this discretion. Cooke's projected release date is January 24, 2021. *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc (last visited Aug. 19, 2019). Since she was sentenced to 24-months in prison, the maximum amount of time that the BOP must house her on home confinement is ten percent of this 24-month prison sentence, or 2.4 months. Thus, Cooke, will not be eligible

for home confinement until approximately early November 2020 (or earlier 2020 depending on good time credits). So her present motion is premature. "That being said, the Court expects that at the appropriate time, the Bureau will comply with the law requiring that Defendant serve at least the final 2.4 months of [her] prison term on home confinement." *Buckley*, 2019 U.S. Dist. LEXIS 115779, at *9–10.

And if they do not, Cooke's recourse would be a habeas petition under 28 U.S.C. § 2241(a), brought within the district of confinement (which is not the Eastern District of Michigan). *See Humphrey*, 2019 U.S. Dist. LEXIS 125121, at *3-4; *Lowe*, 2019 U.S. Dist. LEXIS 138618, at *6-7.

Based on the foregoing, Cooke's request for immediate placement on home confinement (ECF No. 344) is DENIED.

IT IS SO ORDERED.

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE

Date: August 20, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 20, 2019.

                                        s/William Barkholz
                                        Case Manager to
                                        Honorable Laurie J. Michelson